Miszko v Decker (2018 NY Slip Op 04606)





Miszko v Decker


2018 NY Slip Op 04606


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

524938

[*1]MICHAEL MISZKO, Respondent,
v
ROBERTA DECKER et al., Appellants, et al., Defendants. (Action No. 1.)
LINDA RITVANEN, Respondent,
v
JOHN VINING et al., Defendants, and ROBERTA DECKER et al., Appellants, and MICHAEL MISZKO, Respondent. (Action No. 3.)
(And Another Related Action.)

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


The Law Office of David S. Klausner, PLLC, White Plains (Stephen Slater of counsel), for appellants.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury (Beth S. Gereg of counsel), for Michael Miszko, respondent.
Anderson, Moschetti & Taffany, PLLC, Latham (David J. Taffany of counsel), for Linda Ritvanen, respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Mott, J.), entered February 17, 2017 in Ulster County, which, among other things, denied a motion by defendants Roberta Decker and Donald Decker for summary judgment dismissing the complaints against them.
In March 2013, Michael Miszko was driving southbound on Route 209, a two-lane highway, with one passenger, plaintiff Linda Ritvanen. An approaching vehicle driven by defendant Roberta Decker and owned by defendant Donald Decker stopped in the northbound lane as a turkey crossed the roadway. The Decker vehicle was rear-ended by a vehicle driven by defendant John Vining, which propelled it into the southbound lane, striking the Miszko vehicle and injuring both occupants. In September 2013, Miszko commenced action No. 1 against the Deckers, Vining and defendant Rose Rubin, who was driving behind the Miszko vehicle. Ritvanen commenced action No. 3 against the Deckers, Vining, Miszko and Rubin [FN1]. After issue was joined, the Deckers moved for summary judgment to dismiss the complaints in action Nos. 1 and 3 contending that the accident was caused by Vining. Supreme Court denied the motion and the Deckers have appealed.
Because this appeal was limited to the denial of the Deckers' motion for summary judgment in action Nos. 1 and 3, which the Deckers have informed the Court have been settled, the appeal is dismissed.
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1:The Deckers commenced action No. 2 against Vining, Miszko and Rubin. Supreme Court granted motions for summary judgment dismissing the complaint against Miszko and Rubin. The Deckers acknowledge that they did not file a notice of appeal from that order.